FILED
CLERK, U.S. DISTRICT COURT

July 10, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| KENNETH AARON HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LEE SMALLEY EDMOND, et al.,<br><br>Defendants. | Case No. CV 15-2475-SVW-MRW<br><br>ORDER DISMISSING THE CASE WITH PREJUDICE |

On May 26, 2015, the Court dismissed Plaintiff's complaint with leave to amend by June 15, 2015. Order, ECF No. 24. In that Order, the Court admonished Plaintiff that "the case may be dismissed with prejudice if he fail[ed] to file an amended complaint that complies with Rule 8 by the time specified in this order." *Id.* at 3:12-14. Plaintiff failed to replead, and it is now over two weeks past the deadline.

When deciding whether to dismiss a case for failure to comply with a court order, a court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). The public's interest in expeditious litigation has been frustrated by Plaintiff's failure to replead. *See Ferdik v. Bonzelet,*

963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court's already clogged docket is unduly burdened by this case, which languishes while Plaintiff peppers the Court with frivolous petitions and requests. *See, e.g.*, Request for Writ Quo Warranto, ECF No. 29; Writ of Prohibition, ECF No. 25; Request for Writ of Prohibition, ECF No. 19; Decl. of Diversity/Foreign Jurisdiction, ECF No. 16. Plaintiff's delay in prosecuting the case, which is presumed prejudicial, is compounded by his failure to notify the defendants of their alleged wrongdoing, forcing them to expend time and effort in a case where they do not understand the allegations against them. *See Hassan v. Corelogic Credco*, No. 2:13-CV-1942-KJM, 2015 WL 1013995, at *4 (E.D. Cal. Mar. 5, 2015). Although the fourth factor always weighs against dismissal at the pleading stage, Plaintiff's refusal to replead prevents any decision on the merits. Moreover, the Court entertained less punitive measures, granting Plaintiff the opportunity to replead; when the plaintiff refuses to file an amended complaint, the Court has no choice but to dismiss the case with prejudice. Thus, the balance weighs heavily in favor of dismissal with prejudice.

The Court, upon its own motion, therefore **DISMISSES** the case **WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: July 10, 2015

STEPHEN V. WILSON
United States District Judge